UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDITH MAE MAY,

                    Plaintiff,

v.

DAVID L. KIEFER, CHAD KIEFER, and JANE DOE,

                    Defendants.

Case No. 23-CV-1404-JPS

**ORDER**

Plaintiff Edith Mae May, an inmate confined at Taycheedah Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that her rights were violated. ECF No. 1. Prior to the Court screening the complaint, Plaintiff filed an amended complaint on December 11, 2023 alleging that defendants illegally evicted her. ECF No. 10. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens her amended complaint.[1]

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when she filed her complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability

---

[1] The Court notes that Plaintiff filed a letter on January 8, 2024, indicating that she believes the amended complaint was filed in the wrong case. ECF No. 15. However, Plaintiff currently has multiple cases open, and the Court is unable to determine the intention of Plaintiff's letter. Plaintiff must clearly label all filings with the correct case number or clearly identify if a filing is intended as a new case. If Plaintiff believes there was an error in filing one of her documents, she must write to the Court to clearly explain any such error.

to proceed with her case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). She must then pay the balance of the $350 filing fee over time, through deductions from her prisoner account. *Id.*

On November 14, 2023, the Court ordered Plaintiff to pay an initial partial filing fee of $11.67. ECF No. 6. Following an extension, Plaintiff paid that fee on December 29, 2023. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 4. She must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

2. SCREENING THE AMENDED COMPLAINT

2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived her of a right secured by the Constitution or the laws of the United States and that whoever deprived her of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations[2]

Plaintiff alleges that she was illegally evicted from her apartment in Kenosha, Wisconsin. ECF No. 10 at 2–3. Plaintiff names David L. Kiefer, Chad Kiefer, and Jane Doe as defendants who owned the rental property. *Id.* at 2. Plaintiff began renting an apartment on November 8, 2022 for $600 per month. Plaintiff had an "oral lease" that Lynn Stockell witnessed. *Id.* Plaintiff was quiet, had no visitors, had a job, and paid her rent. *Id.*

On January 20, 2023, Plaintiff went out of town for the weekend. *Id.* at 3. When Plaintiff came back on January 23, 2023, Plaintiff was notified by her sister via a text message that Plaintiff was being evicted for using grocery money for crack cocaine. Plaintiff used that money for groceries

---

[2]The Court notes that Plaintiff's handwriting is at times extremely difficult to read. The Court uses its best judgment and effort to recite Plaintiff's allegations accurately.

instead. David and Chad Kiefer came over to "double team" Plaintiff to move out as soon as possible and they saw the groceries on the table. *Id.* Plaintiff was told to be out of the apartment by February 1, 2023. *Id.* at 4. Plaintiff had nowhere to go, and she told David Kiefer that she needed more time to find a new residence. *Id.* Plaintiff did not get her day in court to be told by a judge to move out. *Id.* Although Plaintiff was packing up, David Kiefer did not think she was moving quickly enough, so he called his friend to call the Sheriff on Plaintiff because she had a warrant for absconding. *Id.* at 4–5. Plaintiff was arrested on January 25, 2023, and remains in custody. *Id.* at 5. Plaintiff receives social security disability and believes she was discriminated against for her disabilities, prison record, and mental issues. *Id.*

### 2.3 Analysis

Based on the amended complaint filed, the Court finds that it does not have jurisdiction to adjudicate the claim that Plaintiff has presented. "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "'When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.'" *Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010) (quoting *Arbaugh*, 546 U.S. at 514).

It appears from the amended complaint that Plaintiff is bringing a state law claim based on a general landlord-tenant dispute. Although Plaintiff makes a conclusory statement of discrimination based on her disability and mental issues, she has failed to allege any factual basis—such as the nature of her disability—that connects a protected class to any housing discrimination. As such, there are no factual allegations in the amended complaint that support a violation of federal law to give rise to federal question jurisdiction. *See* 28 U.S.C. § 1331.

Further the amended complaint does not contain an amount in controversy to suggest diversity jurisdiction would be applicable. Federal jurisdiction exists where the controversy is between citizens of different States, and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. The amended complaint also contains no facts regarding Defendants' citizenship to suggest that the parties are diverse. As such, the Court does not discern any facts in the amended complaint showing that the Court has jurisdiction over Plaintiff's claims.

The Court will allow Plaintiff to file a second amended complaint on or before **February 9, 2024** to cure the jurisdictional issues identified in this Order. When writing her second amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated her federal rights?; (2) What did each person do to violate her rights?; (3) Where did each person violate her rights?; and (4) When did each person violate her rights? Plaintiff's second amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate her rights.

The Court is enclosing a copy of its amended complaint form and instructions. Plaintiff must list all of the defendants in the caption of her second amended complaint. She should use the spaces on pages two and three to allege the key facts that give rise to the claims she wishes to bring, and to describe which defendants she believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the second amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The second amended complaint supersedes the prior complaints and must be complete in itself without reference to the prior complaints. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the second amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

3.  **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 4, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the amended complaint fails to state a federal claim;

**IT IS FURTHER ORDERED** that Plaintiff may file a second amended complaint that complies with the instructions in this Order on or before **February 9, 2024**. If Plaintiff files a second amended complaint by

Page 6 of 8
Case 2:23-cv-01404-JPS   Filed 01/19/24   Page 6 of 8   Document 16

the deadline, the Court will screen that complaint under 28 U.S.C. § 1915A. If Plaintiff does not file a second amended complaint by the deadline, the Court will dismiss this case without prejudice based on a lack of subject-matter jurisdiction;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from her institution trust account the $338.33 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with her remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 19th day of January, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 7 of 8

Case 2:23-cv-01404-JPS   Filed 01/19/24   Page 7 of 8   Document 16

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.